**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**JOHN TOLBERT**,

        Plaintiff,

vs.                                                        **CASE NO. 3:07-cv-666-J-16HTS**

**STATE FARM INSURANCE COMPANIES,**

        Defendant.

_____/

## O R D E R

This cause is before the Court on the Defendant's Motion to Dismiss (Dkt #6) to which the Plaintiff filed an Objection to Motion to Dismiss (Dkt #9).

Defendant's first ground for dismissal is insufficient process in that the Plaintiff failed to comply with Federal Rule of Civil Procedure 4(c)(2) which provides that service may be effected by a person who is not a party. Plaintiff, in his objection, does not deny that he was the person who served Defendant, therefore admitting noncompliance with the Federal Rules.

Additionally, Defendant's Motion requests relief in that Plaintiff's complaint fails to state a claim upon which relief can be granted. This is not Plaintiff's first cause of action against the State Farm Insurance Companies. In case no. 3:07-cv-368-J-16MCR, Plaintiff alleged virtually the same complaint against State Farm. In the previous case, Plaintiff was given three chances to properly plead a claim. Plaintiff failed to do so and the case was dismissed upon the adoption of the Report and Recommendation of the Magistrate Judge (Dkt #13).

Plaintiff's Complaint in the instant case also fails to state a claim against which relief can be granted. Plaintiff only makes conclusory allegations that he was discriminated against. He fails to specifically aver how Defendant discriminated against him and thus fails to provide any factual support for his discrimination claim. These conclusory statements do not show

discriminatory intent and therefore they are insufficient to survive a Motion to Dismiss. Jackson v BellSouth telecommunication, 372 F.3d 1250, 1272 (11th Cir. 2004).

Plaintiff's complaint also fails to state a cause of action under the Freedom of Information Act in that State Farm is not a federal agency which is required to make certain information available to the public; it also fails under the RICO Act in that Plaintiff does not allege the proper elements required..   .

Therefore, after due consideration, Defendant's Motion to Dismiss is **GRANTED**.  The Court believes that it would be an exercise in futility to give Plaintiff another opportunity to correct the defects in his Complaint in light of the three opportunities he was given in his previous case to no avail.   Accordingly, it is now

**ORDERED AND ADJUDGED** that this case is **DISMISSED**.  The Clerk is directed to close this case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, this 10th day of January, 2008.

Copies to:    Counsel of record
              Pro Se Parties

JOHN H. MOORE II
United States District Judge